HARDY, Judge.
This is a habeas corpus proceeding in which plaintiff prayed for restoration of the care, custody and control of her minor daughter, allegedly being unlawfully held and detained by respondents, and she appeals from judgment denying the writ.
The minor involved was born October 12, 1958, issue of relatrix’ marriage to Henry H. Cockerham, who died November 30, 1959, Subsequent to the death of her husband, relatrix voluntarily and formally surrendered the permanent care, custody and control of the said minor, then approximately eighteen months of age, by notarial act dated April 30,' 1960, unto respondents for the purposes of adoption under LSA-R.S. 9:401 et .seq.; respondents instituted adoption proceedings, which were withdrawn sometime during the month of July, 1960, after notification by relatrix through her counsel of the'withdrawal of her consent thereto, and this action was filed October 14, 1960.
Unquestionably, relatrix is not bound by her formal acts in surrendering custody of the child and agreeing to its adoption hy respondents, and had the right to withdraw the same prior to culmination of proceedings legally effecting such adoption. It is also true, under the overwhelming weight of jurisprudence of our *82 State that a mother is entitled to custody of her minor children in the absence of evidence of moral unfitness or inability to maintain and care for their needs.
The record in the instant case does not support the claim of moral unfitness on the part of the mother, except by unwarranted inference resting upon implication and innuendo. This fact was acknowledged by our learned brother of the district court in assigning reasons for his judgment. Despite this conclusion the district judge refused to grant the writ.
Before this court a motion to remand has been filed by counsel for respondents in which it is asserted that new evidence has been discovered and that it is to the manifest interest and advantage of the minor child that the case be remanded in order to permit the submission of additional evidence concerning the relatrix.
Under the provisions of LSA-C.C.P. art. 2164 appellate courts are expressly authorized to take such action as may assist them in pronouncing judgments which are just, legal and proper.
We are particularly hesitant to reverse the conclusion of a trial judge in matters involving the delicate and far-reaching effects of judgments involving the custody of minors. The risk of injuring the future welfare of a little child is one which should not be undertaken upon the basis of a record that does not contain all available evidence. For this reason we have determined that the motion should be granted.
Accordingly, it is ordered, adjudged and ■decreed that the judgment appealed from be and it is hereby annulled and set aside and this case is remanded to the Honorable the Eighth Judicial District Court in and for the Parish of Winn, State of Louisiana, with instruction that it be re-opened for the reception of all additional pertinent and material evidence discovered and obtained since original trial hereof on behalf of respondents, together with the specific reservation of the right of relatrix to controvert or rebut the same; that judgment be pronounced upon the basis of such re-trial and that any appeal therefrom be requested and acted upon in accordance with law.
The costs of this appeal are taxed against respondents, and it is ordered that the assessment of all other costs be suspended pending final disposition hereof.
GLADNEY, J., dissents, being of the opinion that, on the record as made up on appeal, the judgment should be reversed.